UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| RUSSELL SULFRIDGE, )<br>)<br>        Petitioner, )<br>)<br>      v. )<br>)<br>WARDEN, )<br>)<br>        Respondent. ) | No. 2:19-cv-00602-JRS-DLP |

**Order Denying Petition for a Writ of Habeas Corpus
and Directing Entry of Final Judgment**

Indiana prison inmate Russell Sulfridge petitions for a writ of habeas corpus challenging a prison disciplinary sanction imposed in disciplinary case number ISF 19-08-0351. For the reasons explained in this Order, Mr. Sulfridge's habeas petition must be **denied**.

**A.     Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

### B.     The Disciplinary Proceeding

On August 25, 2019, Indiana Department of Correction (IDOC) Correctional Officer A. McCullough wrote a Report of Conduct charging Mr. Sulfridge with fleeing/resisting, a violation of the IDOC's Adult Disciplinary Code offense B-235. The Report of Conduct provides:

> On 8-25-2019 at Approx 14:27 I C/o McCullough #195 was on the north compound attempting to get Offender Sulfridge, Russell #260476 to show me his state identification band, Offender Sulfridge was given several verbal orders and [he] refused those orders. I then placed my hand on Offender Sulfridge's arm to see his ID and he pulled his arm away twice. I then told Offender Sulfridge to turn around and place his hands behind his back to be placed in mechanical restraints. Sulfridge then attempted to pull away again then i placed my arms around Sulfridge's waist and placed him on the ground to gain compliance. Sulfridge continued to physically resist the application of restraints then i was assisted by Sgt. Poland by him assisting rolling offender Sulfridge onto his abdomen and securing his arm behind his back to be placed in restraints. Sulfridge was then secured, and assisted up then escorted to HCU then DRHU with no other issues. Offender Sulfridge Russell #260476 was identified by his state ID and informed of his CAB.

Dkt. 9-1.

Mr. Sulfridge was notified of the charge on August 29, 2019, when he received the Screening Report. Dkt. 9-2. He pled not guilty to the charge. *Id.*

Sergeant C. Poland witnessed some of the event and provided a written statement:

> On 8/25/2019 at approximately 1427 hours I, Sergeant C. Poland #157 was working South Compound when I observed Officer A. McCullough attempting to place restraints on Sulfridge, Russell DOC # 260476 in mechanical restraints. As McCullough was attempting to place restraints on Sulfridge he began resisting by pulling his arms away and twisting his body away from officer McCullough. I then ran towards them and called a Signal 10 due to Sulfridge resisting and officer McCullough having to place Sulfridge on the ground. Offender Sulfridge was positively identified by his state issued identification and notified of this conduct report.

Dkt. 9-4.

A second witness, Officer D. Adams, provided another witness statement:

2

> At 08/25/2019 at approximately 1427 I C/O Adams #312 was working dorm 16 South and while letting offenders back in the dorm from chow I observed officer McCullough #195 on the north compound attempting to put mechanical restraints on offender Sulfridge, Russel #260476. As officer McCullough was attempting to put restraints on offender Sulfridge, Russel #260476 he resisted by pulling his arms away and turning away from officer McCullough. Offender Sulfridge was positively identified by his state issued ID.

Dkt. 9-5.

A hearing was held on September 5, 2019. Dkt. 9-6. Mr. Sulfridge pled guilty and signed the hearing report in the offender comment section next to the words "Pleads Guilty." *Id.* The hearing officer accepted the plea, considered the staff reports, and found Mr. Sulfridge guilty of physically resisting. *Id.* The sanctions imposed included a forty-five-day earned-credit-time deprivation and a suspended credit class demotion. *Id.*

Despite his guilty plea, Mr. Sulfridge appealed to the Facility Head and the IDOC Final Reviewing Authority, where both appeals were denied. Dkts. 9-7 & 9-8. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**C.   Analysis**

Mr. Sulfridge raises four grounds for relief in his petition: (1) his guilty plea was made under duress; (2) the witness statements are incomplete; (3) his facility level appeal was held until the decision on his second appeal was received; and (4) his due process rights were violated when his appeals were not decided in a timely manner. Dkt. 1 at 3-4.

The Warden characterizes Mr. Sulfridge's first two grounds for relief as challenging the sufficiency of the evidence.[1] As to the claim that his guilty plea was coerced, Mr. Sulfridge asserts

---

[1] Mr. Sulfridge filed a reply but it offers no helpful arguments to address the Warden's arguments. Dkt. 12. Instead, Mr. Sulfridge's reply is a hybrid civil rights complaint and habeas corpus petition asserting violations of his civil rights and arguing new grounds for habeas corpus relief. Civil rights claims may not be raised in a habeas corpus action, and new grounds for relief, not raised in the habeas corpus petition, may not be raised for the first time in reply.

3

that he was told he would not be let out of segregation unless he pled guilty. Dkt. 1 at 3. There is no testimonial or procedural disciplinary hearing record on which the Court can assess such a claim. However, in light of the discussion to follow on the sufficiency of the evidence, any error in the hearing officer's acceptance of a coerced guilty plea, or a plea made under duress, is harmless. *Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003) (holding that harmless error analysis applies to due process violations in prison disciplinary habeas corpus cases).

### Sufficiency of the Evidence

Mr. Sulfridge's claim that his guilty plea was made under duress and that the two witness statements are incomplete must be assessed under the sufficiency of the evidence standard. *Hill* does not suggest any particular procedure in the plea process of a prison disciplinary action. 472 U.S. at 454. The witness statements are challenged because the officers are, in Mr. Sulfridge's view, "unreliable witnesses." Dkt. 1 at 3, ¶ 2. Assessing the reliability or credibility of the evidence is the sole province of the hearing officer and not the Court. *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000); *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999); *Wilson-El v. Finnan*, 281 F. App'x 589, 591 (7th Cir. June 12, 2008). Any defect in the completion of the witness statements is a matter of IDOC policies and procedures, violations of which are not cognizable in federal habeas corpus actions. *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995) (prison policies, regulations, or guidelines do not constitute federal law; instead, they are "primarily designed to guide correctional officials in the administration of a prison . . . not . . . to confer rights on inmates.")

This leaves only the sufficiency of the evidence assessment. In prison disciplinary cases, challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and

demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d 271, 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

Sufficient evidence supports the hearing officer's decision to find Mr. Sulfridge guilty of resisting. The conduct report or either of the witness statements constitute "some evidence" upon which the hearing officer's decision could be based. Here, it appears all three items were relied on by the hearing officer. They each describe the officers struggling with Mr. Sulfridge to place him in handcuffs after Officer McCullough had to take him to the ground.

The first two grounds for relief are without merit.

### Administrative Appeal Timing

In his third and fourth grounds for relief, Mr. Sulfridge argues that his facility level appeal was not decided, or received by him, until his second appeal had been decided. Dkt. 1 at 4. Unfortunately for Mr. Sulfridge, the time limits, deadlines, and processing of the administrative appeals are matters of state law and IDOC policy and procedure. They do not give rise to a federal due process violation. *See Sandin*, 515 U.S. at 481-82. Habeas corpus relief is not available for such policy irregularities.

The third and fourth grounds for relief are without merit.

### D.   Conclusion

None of Mr. Sulfridge's four grounds for habeas corpus relief have merit.

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Sulfridge to the relief he seeks. Accordingly, Mr. Sulfridge's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: _____10/19/2020_____

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Russell Sulfridge, 260476
Putnamville Correctional Facility
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135

Natalie Faye Weiss
Indiana Attorney General
natalie.weiss@atg.in.gov